BRETT L. TOLMAN, U.S. Attorney (#8821)
MAGGIE H. ABUHAIDAR, Assistant U.S. Attorney (#9203)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah  84111
Telephone:  (801) 325-3243
Email:  Maggie.Abuhaidar@usdoj.gov
Associated Local Counsel

Mary Jo O'Neill   Az #005924 (Pro Hac Vice)
Sally C.  Shanley AZ# 012251 (Pro Hac Vice)
Michelle G. Marshall AZ# 017358 (Pro Hac Vice)
Michelle T. Deutsch NY #3061868 (Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5032
Email:   mary.oneill@eeoc.gov
          sally.shanley@eeoc.gov
          michelle.marshall@eeoc.gov
          michelle.deutsch@eeoc.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         Plaintiff,<br>vs.<br><br>CDI MEDIA, INC.,<br><br>         Defendant. | Case No.:  2:07-CV-00695 DS<br><br>COMPLAINT AND JURY DEMAND |

### NATURE OF ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act ("ADA")

of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment

practices on the basis of disability, and to provide appropriate relief to Paul Guertin, who was adversely affected by such practices.  The Equal Employment Opportunity Commission, ("EEOC" or "Commission"), alleges that CDI Media, Inc. ("Defendant" or "CDI Media") unlawfully denied Mr. Guertin a reasonable accommodation, and discharged and retaliated against Mr. Guertin because of his disabilities, Parkinson's disease and scoliosis.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah.

## PARTIES

3.  Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant CDI Media has continuously been and is now doing business in the State of Utah, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Paul Guertin filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Paul Guertin is a qualified person with a disability and is covered by Title I of the ADA, 42 U.S.C. §§ 12101 et seq.

9. Since at least December 2002, Defendant has engaged in unlawful employment practices in Salt Lake City, Utah, in violation of Title I of the ADA, 42 U.S.C. §§ 12101 et seq. These practices include, but are not limited to the following:

    a. Denying Mr. Guertin a reasonable accommodation despite being aware of his disabilities and receiving written requests for reasonable accommodations;

      b.      Retaliating against Mr. Guertin for making requests for reasonable accommodations by altering the terms and conditions of his employment; and

      c.      Discharging Mr. Guertin because of his disabilities and requests for accommodations.

10.    The effect of the practices complained of above has been to deprive Mr. Guertin of equal employment opportunities and otherwise adversely affect her status as an employee because of his disabilities.

11.    The unlawful employment practices complained of in paragraphs 9(a) – (c) above were intentional.

12.    The unlawful employment practices complained of in paragraphs 9(a) – (c) above were done with malice or with reckless indifference to the federally protected rights of Mr. Guertin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant, CDI Media, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in those actions alleged in paragraph 9 and any other employment practice which discriminates on the basis of disability.

B.    Order the Defendant, CDI Media, Inc., to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified

individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order the Defendant, CDI Media, Inc., to make whole Paul Guertin by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

  D. Order the Defendant, CDI Media, Inc., to make whole Paul Guertin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including but not limited to medical expenses and loss of benefits, in amounts to be determined at trial.

  E. Order the Defendant, CDI Media, Inc., to make whole Paul Guertin, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order the Defendant, CDI Media, Inc., to pay Paul Guertin punitive damages for its malicious conduct or reckless indifference described and referenced in paragraph 9 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 18th day of September, 2007.

| | |
|---|---|
| Brett L. Tolman<br>United States Attorney | Ronald S. Cooper<br>General Counsel |
| /s/Maggie H. Abuhaidar<br>Maggie H. Abuhaidar<br>Assistant U.S. Attorney | James L. Lee<br>Deputy General Counsel |
| | Gwendolyn Young Reams<br>Associate General Counsel |
| UNITED STATES ATTORNEY<br>185 S. State #400<br>Salt Lake City, Utah 84111 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1801 L Street, N.W.<br>Washington, D.C. 20507 |
| Associated Local Counsel for Plaintiff | |
| | /s/ Mary Jo O'Neill<br>Mary Jo O'Neill<br>Regional Attorney |
| | /s/ Sally C. Shanley<br>Sally C. Shanley<br>Supervisory Trial Attorney |
| | /s/Michelle G. Marshall<br>Michelle G. Marshall<br>Trial Attorney |
| | /s/Michelle T. Deutsch<br>Michelle T. Deutsch<br>Trial Attorney |

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

-7-